[No. 6850.   Decided January 9, 1908.]

## J. O. HOUSEKEEPER, *Appellant*, v. H. W. LIVINGSTONE, *Appellant*, and M. J. MALONEY *et al.*, *Respondents.*[1]

MECHANICS' LIENS—LEASED PREMISES — PARTIES LIABLE — LIMITATION OF LIABILITY—NOTICE—SUFFICIENCY.   Where permanent repairs upon leased premises are permitted and made with the knowledge of the owner of the fee, his interest is subject to a mechanics' lien therefor unless he expressly limited his liability by notifying the lien claimant, and such limitation is not made by merely sending the claimant to the lessee in an endeavor to get the lessee to pay for part of the repairs.

APPEAL — REVIEW — EFFECT OF STIPULATION — DISCRETION — MECHANICS' LIENS—ATTORNEYS FEES.   Where the parties stipulated that the court should fix the amount of attorney's fees on the foreclosure of a mechanics' lien, without the introduction of any evidence, the action of the court cannot be reviewed on appeal except for abuse of powers; and no such abuse appears from the allowance of $150 in a sharply contested action involving $340.

MECHANICS' LIENS — LEASED PREMISES — LIABILITY OF TENANTS. The evidence is sufficient to sustain findings that repairs upon leased premises were not made at the request of the tenants, so as to subject their interests to a mechanics' lien, where it appears that the lessor agreed to fully repair the building as rapidly as possible and the lessees simply demanded that the repairs be made without further delay or they would get someone else to make them.

FULLERTON, J., dissenting.

Appeal from a judgment of the superior court for Whitman county, Miller, J.; entered January 19, 1907, upon findings in favor of the defendant lessors, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien.   Affirmed.

*McCroskey & Canfield,* for appellant Housekeeper.

*John Pattison,* for appellant Livingstone.

*J. N. Pickrell,* for respondents Maloney.

[1]Reported in 93 Pac. 217.

HADLEY, C. J.—This is an action to foreclose a mechanics' lien against a hotel in Colfax, Whitman county. The action was brought by J. O. Housekeeper against H. W. Livingstone and M. J. Maloney and wife. Livingstone was the owner of the real estate and Maloney occupied it as a tenant under a lease. A fire had seriously damaged the building and somewhat extensive repairs were made thereon by Housekeeper, at the request of Livingstone, the owner of the fee. As a part of the repairs made by Housekeeper, certain materials and labor were furnished by him in the way of kalsomining and glazing in parts of the building. The controversy in this case arises over the last-named items. Housekeeper claims that he made the repairs at the request of both Livingstone and Maloney, and that both the fee and the leasehold estate are chargeable with the cost thereof. Livingstone claims that he expressly limited his liability for these particular repairs to $75; that he told Housekeeper if the cost exceeded said sum he must look exclusively to Maloney for the excess. Maloney denies that he directed any part of the work to be done on account of his liability, and maintains that the entire repairs were authorized and directed by Livingstone. As lessee Maloney therefore contends that Livingstone's estate in fee is alone subject to a lien for the whole amount, and that the leasehold estate cannot be subjected to the lien for any part of the expense. The decree of the court was that the lien for the whole amount shall be enforced against the interest of Livingstone, but not against that of Maloney, and Maloney and wife were dismissed from the action. It was provided that, in the event of a sale under the decree, the purchaser shall be let into possession subject to the possession of Maloney and wife as lessees. From the decree the defendant Livingstone and the plaintiff Housekeeper have both appealed.

Appellant Livingstone contends that the court erred in finding that the labor and material in excess of the value of

$75 were furnished at his request.    There was no writing
between Livingstone and Housekeeper concerning the work,
and it is somewhat difficult to determine from the evidence
of the conversations between them the full legal effect thereof.
Housekeeper testified that Livingstone told him to go to Ma-
loney and tell him that Livingstone would pay $75 upon the
kalsomining and glazing, and that if Maloney desired more
work done than that amount in value, he must pay for it him-
self.    Housekeeper, however, says that Livingstone at no time
said that he would in no event pay the excess of $75, but
that he merely asked Housekeeper to so tell Maloney.    Liv-
ingstone's purpose appeared to be to get an agreement from
his tenant Maloney to pay for part of the repairs, and this
he sought to do by sending Housekeeper to Maloney.    But
we believe the testimony as a whole does not establish that
Livingstone limited his own liability as between himself and
Housekeeper.    Whatever may have been his intention as be-
tween himself and Maloney, he nevertheless permitted House-
keeper to go ahead and do the work to the betterment of his
property without expressly telling Housekeeper that the lia-
bility was limited to less than the full value.    Under such
circumstances, we think Livingstone's liability was not lim-
ited to $75.    The property belonged to Livingstone, and the
primary liability to pay for all the permanent improvements
made with his knowledge and without his objection was upon
him, unless he so distinctly and clearly limited his liability
that Housekeeper could not have reasonably understood it
otherwise.    After a careful examination of the evidence, we
think we would not be warranted in disturbing the court's
finding that the material and labor were furnished at Liv-
ingstone's request.    The same is also true as to the finding
concerning the value of the labor and material.

It is next assigned that the court erred in allowing the sum
of $150 as attorney's fees.    The reasonable value of the labor
and materials was found to be $340.37, and the decree is for

the enforcement of the lien for that amount and for costs. Considering the amount involved, it is contended that the fee allowed was too large. We think the record is such that the question of excessive attorney's fees is not reviewable here. All parties stipulated at the trial that the court should fix the amount of attorney's fees without the introduction of any evidence upon the subject, and the amount was so fixed without evidence. Under such circumstances there is nothing for the appellate court to review. To be sure, if it manifestly appeared that the trial court abused its powers in the premises, this court might be warranted in so holding. Such a case is not presented here, however. In the absence of any evidence upon the subject and in view of the stipulation to abide the court's decision, together with the evident sharply contested litigation and necessity for somewhat extensive legal services as shown by the record, the case before us does not present a manifest abuse of power. So far as the appellant Livingstone is concerned, we think the judgment should be affirmed.

Referring now to the appeal of Housekeeper, we find that the assignments of error relate to the failure of the court to find that the respondents Maloney and their leasehold estate are liable. It is contended that Maloney requested the improvements as well as Livingstone. The evidence, however, shows that Livingstone repeatedly said to Maloney and others, after the fire, that he would fully repair the building as rapidly as it could be done. When Housekeeper delivered Livingstone's message to Maloney about the proposed $75 limitation, Maloney replied, in substance, that Livingstone had always said he would repair as rapidly as possible, and Housekeeper would make the repairs in question as well as others he had already made; that he, Maloney, was greatly inconvenienced by reason of the delay, and he demanded that Housekeeper should go ahead and complete the repairs or he would get someone else to make them. The entire con-

versation and the whole evidence together convinces us that
Maloney simply demanded that Housekeeper should proceed
on the authority of Livingstone, as had been all the time con-
templated, or he, Maloney, would see that someone else did
the work.   The court heard the testimony of all these per-
sons, and we think under the evidence that we should not say
it was error to refuse to find that Maloney requested the work
done on his own responsibility.   The dismissal of the Ma-
loneys from the case followed as a result, and was therefore
not erroneous.

The contentions upon both appeals are denied, and the
judgment is affirmed.   Housekeeper shall recover his costs
in the Livingstone appeal, and the Maloneys shall recover
their costs in the Housekeeper appeal.

MOUNT, CROW, and ROOT, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.

FULLERTON, J. (dissenting)—I think there was no obliga-
tion on the part of the appellant Livingstone to pay a larger
sum than $75, and that the decree insofar as it requires him
to pay in excess of this amount is erroneous.